UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY BOLDEN,

      Petitioner,

v.                              Case No:  2:11-cv-325-FtM-38DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.

_____/

## OPINION AND ORDER[1]

Gregory Bolden ("Petitioner") initiated this action for habeas corpus relief by filing a petition pursuant to 28 U.S.C. § 2254 (Doc. 1).   Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought by Petitioner should not be granted (Doc. 7).   Thereafter, Respondents filed a response in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 11).   Petitioner filed a reply to the response (Doc. 15).

Petitioner raises six claims in his petition.   He alleges that trial counsel was ineffective for failing to: (1) move for dismissal of his case on the ground that the State's agreement with a confidential informant violated his due process rights; (2) impeach the

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

State's confidential informant with the terms of her agreement with the State; (3) object to prosecutorial misconduct; (4) withdraw from representation in light of a conflict of interest; and (5) move for dismissal of the remaining counts after the Petitioner was tried on two of the State's eight counts against him (Doc. 1 at 5-24).   Petitioner also asserts that the cumulative effect of counsel's errors resulted in prejudice. *Id.* at 25.

Because this Court can adequately assess Petitioner's claim without further factual development, an evidentiary hearing will not be conducted. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).   Upon due consideration of the petition, the response, the reply, and the state court record, this Court concludes that Petitioner's claims should be denied.

## I.   **Background and Procedural History**

On October 7, 2002, Petitioner was charged by information with four counts of the sale of cocaine (counts I, III, V, and VII) and four counts of possession of cocaine (counts II, IV, VI, and VIII) (Ex. 1).[2]   On June 29, 2004, defense counsel filed a motion for severance of unrelated offenses and a motion to dismiss the information (Ex. 2; Ex. 3). The State filed a response to the motion for severance agreeing that the action against Petitioner should consist of four separate cases (Ex. 16 at Att. 8).   After a hearing was conducted on the matter, Petitioner's motion to dismiss the information was denied (Ex. 4; Ex. 5).

On April 5, 2005, after a jury trial on counts III and IV of the information, Petitioner

---

[2] Unless otherwise noted, references to exhibits (Ex. __ at ___) are to those filed by Respondents on November 7, 2011 (Doc. 13).   Citations to the trial transcript, contained in Exhibit 6, are cited as (T. at___).

was found guilty as charged (Ex. 6 at 278).   Subsequently, he pleaded no contest to counts I and II.   The State *nolle prossed* counts V, VI, VII, and VIII.   Petitioner was sentenced to five years in prison on counts I and III and to a concurrent term of five years in prison on counts II and IV.   Petitioner's conviction and sentences were *per curiam* affirmed on October 26, 2007 (Ex. 9).

On December 3, 2007, Petitioner filed a habeas petition in state court alleging ineffective assistance of appellate counsel (Ex. 10).   The petition was denied on January 16, 2008 (Ex. 11).   Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") raising eight grounds for relief (Ex. 13).   Petitioner filed a supplemental motion on March 11, 2008 raising three additional claims (Ex. 14).   The Rule 3.850 motion was denied on June 4, 2009, and the Second District Court of Appeal *per curiam* affirmed (Ex. 16);   *Bolden v. State*, 32 So.3d 628 (Fla. 2d DCA 2010).

The instant motion was filed on May 31, 2011 (Doc. 1).

## II.   <u>Governing Legal Principles</u>

### a.   *The Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.

*Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identified the governing legal principle, but applied it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous, rather, it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward,* 592 F.3d at 1155.

Finally, the Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003) (dictum). When

reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller–El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### b. Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).   A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* Because both parts of the *Strickland* test must be satisfied in order to demonstrate a violation of the Sixth Amendment, a district court need not address the performance prong if the petitioner cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89.   In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."   *Id.* at 689. Indeed, the petitioner bears the burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]"   *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on

the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny.   *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).   "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.   That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.   To show prejudice from ineffective assistance of counsel where a plea offer was rejected because of counsel's deficient performance, the petitioner must demonstrate a reasonable probability that they would have accepted the plea had they been afforded effective assistance of counsel.   *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012).

Finally, the Supreme Court has clarified that, pursuant to the AEDPA, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.   This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).   "A state court must be granted a deference and latitude that are not in operation when the

case involves review under the *Strickland* standard itself."   *Id.*

III.   <u>**Analysis**</u>

  a. ***Claim One***

Petitioner asserts that trial counsel was ineffective for failing to move for dismissal of Petitioner's case on the ground that the State's contingency agreement with a confidential informant ("CI") violated his due process rights under Florida's Constitution (Doc. 1 at 5).   Specifically, Petitioner asserts that the CI who testified against him had an agreement with the State that her probation would terminate after testifying truthfully for the State if Petitioner was convicted as a result of her testimony (Doc. 1 at 7).   Petitioner asserts that this agreement contravened the Florida Supreme Court's holdings in *State v. Glosson*, 462 So. 2d 1082 (Fla. 1985) and its progeny (Doc. 1 at 7; Doc. 2 at 3-5).[3]

Petitioner raised this issue in his Rule 3.850 motion, and the post-conviction court denied the claim (Ex. 16 at 13).   The post-conviction court determined that defense counsel had filed a motion to dismiss the charges on the grounds that the use of the CI violated Petitioner's due process rights.  *Id.*   The court noted that counsel had raised numerous grounds for dismissal in the motion, including the ground that "[t]he informant had a large financial incentive not only to make drug purchases and criminal cases, but also to color her testimony or commit perjury in pursuit of her contingency fee." *Id.* at 14. The court further noted that a hearing had been conducted on the motion "during which the Defendant's counsel elaborated on many of these arguments, and cited case law." *Id.* Therefore, the claim was denied on the ground that counsel's representation had not been

---

[3] In *Glossen*, the Florida Supreme Court held that a contingency agreement in which a confidential informant would receive ten percent of all civil forfeitures arising out of successful criminal investigations he completed violated a defendant's due process rights. 462 So. 2d at 1083.

deficient because "[Petitioner's] attorney clearly brought these issues before the Court in a Motion to Dismiss." *Id.*

Petitioner concedes that defense counsel filed a motion to dismiss the charges, and that defense counsel was aware of the *Glossen* argument (Doc. 2 at 7).   Petitioner also concedes that counsel told him (Petitioner) that he could not "ethically" raise the *Glossen* arguments to attack the State's alleged contingency agreement with the CI. *Id.* However, Petitioner asserts that he demanded that counsel raise this argument and that counsel's refusal to do so fell below an objective standard of reasonableness because "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants the accused personally the right to make his defense." *Id.* (citing *Faretta v. California*, 422 U.S. 806, 819 (1975)).   Petitioner also asserts that the post-conviction court's determination that defense counsel had raised this argument in the motion to dismiss was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* at 9.   A review of the record and relevant law does not support Petitioner's assertions.

In the motion to dismiss, defense counsel argued, *inter alia*, that the CI "had a large financial incentive not only to make drug purchases and criminal cases, but also to color her testimony or commit perjury in pursuit of her contingency fee." (Ex. 3 at ¶ 4).   Counsel also argued that the conduct of the DTF in the drug sting operation invited perjury by the CI and violated Petitioner's due process rights. *Id.* at ¶ 6.   At the hearing on the motion, counsel reiterated these arguments and also argued that, when the CI purchased drugs from Petitioner, "[she] was in violation [of probation] and knew that she had 18 months prison hanging over her head . . . In essence there's a convicted felon allowed to secure [her] own freedom by convincing someone else to traffic in cocaine." (Ex. 4 at 13).

Counsel pointed out that the CI had violated her probation and that the State had offered to reinstate the probation provided that she testify truthfully and consistently with what she had already told them:

> She understands that – I think it's fairly obvious that she understands that if she doesn't testify appropriately, according to what the State and Court might think, she's going to go to prison. So there's certainly still that incentive for her to appease the State or curry the favor of the Court and the State, not specifically the Court, but the State.

*Id.* at 21.

The State countered counsel's arguments by noting that at the time the CI was deposed and made her case against Petitioner, "there was no substantial assistance agreement, the State was not involved with any agreement when she made the cases against [Petitioner]. When she . . . violated probation, she was held in our jail until she gave a sworn statement . . . and after the sworn statement was made, the plea was done." (Ex. 4 at 34). Accordingly, argued the State, there was no evidence of any promise or contingency for the statement made in the CI's deposition. *Id.* Given the arguments raised by Counsel in the motion to dismiss and the ensuing hearing on the motion, Petitioner has not shown clear and convincing evidence to rebut the presumption of correctness afforded the post-conviction court's factual determination that counsel adequately addressed the due process concerns attendant with the State's use of the CI's testimony. 28 U.S.C. § 2254(e)(1).

Moreover, Petitioner cannot show deficient performance merely by asserting that counsel did not comply with his demand to further argue the issue of the State's alleged contingency agreement with the CI. Even if true, defense counsel has no obligation to pursue claims which he reasonably believes to lack merit, even when a defendant insists that he do so. *See Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995). Petitioner

has not shown that counsel's actions were objectively unreasonable under prevailing professional norms. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) ("[D]efendant bears the burden of proving that counsel's representation was unreasonable ... and that the challenged action was not sound strategy."). As noted by Petitioner, counsel did not believe that he could ethically raise the arguments Petitioner wished him to raise. Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). The post-conviction court reasonably determined that counsel's performance was not deficient, and Claim One is denied pursuant to 28 U.S.C. § 2254(d).

### b.  *Claim Two*

Petitioner asserts that trial counsel was ineffective for failing to impeach the State's confidential informant regarding the specific terms of her agreement with the State (Doc. 1 at 10). Petitioner raised this claim in his Rule 3.850 motion, and the post-conviction court denied the claim on the ground that "[the CI's] criminal history and her hopes for leniency in light of testimony were central factors during her examination on the stand. A review of the record shows that during the trial, the State asked numerous questions regarding [the CI's] criminal history, and any possible bias or motive she may have to testify[.]" (Ex. 16 at 7-10). The court concluded that Petitioner could not show prejudice from counsel's alleged failure to further delve into the CI's motivation for testifying because "[t]he jury was well aware of [the CI's] criminal history and the reasons she may have been testifying." *Id.* Petitioner argues that the post-conviction court's conclusions were based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (Doc. 2 at 12). However, a review of the record

supports the state court's adjudication of this claim.

On direct examination, the CI testified that she had six felony convictions, and had been convicted four times of a crime involving dishonesty or a false statement (T. at 176-77).   She also testified that she hoped to benefit from testifying against Petitioner. *Id.* at 176.   On cross examination, she admitted that, on December 23, 2003, she had entered into an agreement with the state to testify against Petitioner in exchange for the reinstatement of her probation. *Id.* at 192.   She admitted that she hoped to be released from prison as a result of her testimony. *Id.* at 193.   On re-direct, the CI clarified that she no longer had an agreement to testify against Petitioner because she had violated the terms of her probation and fled to Tennessee. *Id.* at 206.   In closing argument, counsel stressed the CI's criminal history and noted that she was someone not to be trusted. *Id.* at 243.   Counsel argued:

> [The CI] had a huge interest, huge interest.   She testified to a story that she told in deposition concerning this case, the best deal she got with the State Attorney on her probation violation.   "I will testify truthfully.   This is what I previously told."   She never got to the center, she fled a few days later to Tennessee and now she's here testifying today.
>
> . . .
>
> She had a huge interest.   She did time in jail.   She's facing prison.   She didn't want to admit it, but finally she admitted she was facing prison.   She got a violation of probation. She'd already been resolved of that and gotten re-instated on her probation and then violated it again.   That's the violation that she's now facing.   She also has a new felony pending against her while she's out on the street on probation.   She had a huge, huge interest in this case.   Recall her testimony.

*Id.* at 246-47.

Petitioner has not shown by clear and convincing evidence that the state court unreasonably determined that the jury was sufficiently apprised of the CI's criminal history

and motivation for testifying.   Accordingly, Petitioner has not demonstrated prejudice from counsel's failure to further impeach the CI, and this claim fails to satisfy the second prong of the *Strickland* test.   Petitioner is not entitled to relief on Claim Two. 28 U.S.C. § 2254(d).

### c.   Claim Three

Petitioner asserts that trial counsel was ineffective for failing to object to prosecutorial misconduct when the state claimed during Petitioner's trial that the CI was no longer under an agreement to testify (Doc. 1 at 14-15).   Specifically, Petitioner asserts that the State allowed the CI to testify that she no longer had an agreement to testify against Petitioner which "falsely misrepresented the terms of [a prior order] of probation[.]" (Doc. 2 at 13).   Petitioner raised this claim in his Rule 3.850 motion, and the post-conviction court denied it as "conclusory." (Ex. 16 at 12).

Petitioner argues that the post-conviction court's characterization of this claim as conclusory was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (Doc. 2 at 15).   After reviewing the record, this Court concludes that Petitioner's assertions of state misconduct are based solely upon speculation and that he has presented no clear and convincing evidence to rebut the post-conviction court's adjudication of this claim.

On direct examination, the prosecutor asked the CI whether she had a pending violation of probation hearing (T. at 176).   The CI answered that she had a pending hearing and she "hoped" her testimony would be helpful to her. *Id.*   On cross examination, defense counsel questioned the CI about an earlier plea deal she had entered into regarding her probation:

> COUNSEL:   And you entered into a plea deal when
> you got reinstated on your probation back

on December 23rd of 2003, you entered into a violation of probation plea agreement, correct?

CI:        Yes.

COUNSEL:   And you got reinstated?

CI:        Yes.

COUNSEL:   With the condition being that you testified truthfully?

CI:        Yes.

COUNSEL:   And you were on probation for stealing?

CI         Yes.

COUNSEL:   And you've since got a new stealing charge and that's also one of the reasons you violated your probation?

CI:        Yes

COUNSEL:   And you fled the jurisdiction, you went to Tennessee?

CI:        Yes.

COUNSEL:   So you have a lot to gain by being here today?

CI:        No, sir.

COUNSEL:   You're trying to avoid going to prison, are you not?

CI:        I don't know what you mean by that, but if I go to prison, I go to prison.   I'm not – I'm trying to tell the truth about what I did. I'm not trying to gain nothing for something.   I don't know what accusations you're trying to make by that.

COUNSEL:   You're not trying to gain anything?

CI:        No, sir.

|  |  |
|---|---|
| COUNSEL: | You testified on direct you're hoping to get some type of benefit out of this, right? |
| CI: | Yes, sir. |
| COUNSEL: | And not go to prison, that's your hopes? |
| CI: | Yes, sir. |

*Id.* at 192-93.   On redirect, the prosecutor clarified that the CI had made an earlier deal

with the State that she would testify truthfully in exchange for reinstatement of probation

(T. at 205), but that they no longer had an agreement for the CI to testify:

|  |  |
|---|---|
| STATE: | Then you went out on probation – for lack of a better word – you took off on me? |
| CI: | Right. |
| STATE: | And you disappeared? |
| CI: | Right. |
| STATE: | And went to Tennessee? |
| CI: | Right. |
| STATE: | And since you've gotten picked back up, committed other offenses, you sat in jail? |
| CI: | Right. |
| STATE: | You no longer have an agreement? |
| CI: | Right. |
| STATE: | To testify about anything? |
| CI: | Right. |
| STATE: | In fact, would it be fair to say that you would have liked for me to make another deal with you and let you out, and I've refused? |
| CI: | Right. |

*Id.* at 205-06.

Petitioner asserts that the state had a December 23, 2003 agreement with the CI to testify against Petitioner in exchange for a reinstatement of her probation – and that counsel should have objected to the CI's testimony that she no longer had an agreement with the State.   However, a review of the record shows the CI testified that the prior agreement was no longer in effect because she had absconded to Tennessee. Petitioner has presented no evidence, other than his conclusory allegations and speculation, that this statement was false.   A court cannot consider a habeas petitioner's assertions on a critical issue in his *pro se* petition unsupported by anything else contained in the record. *See Tejada v. Duggar*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel); *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1134 (7th Cir. 1990) (cursory allegations that are purely speculative cannot support a claim of lack of counsel); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("[A] court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court) unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (A petitioner will not be entitled to an evidentiary hearing when his claims are merely "conclusory allegations unsupported by specifics[.]").

Petitioner has not shown that the post-conviction court's rejection of this claim as "conclusory" was contrary to clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in the state courts.   Claim Three is denied pursuant to 28 U.S.C. § 2254(d).

### d.    Claim Four

Petitioner asserts that defense counsel was ineffective for failing to withdraw from

representation due to a "continuing" conflict of interest with the CI (Doc. 1 at 18). Specifically, Petitioner asserts that defense counsel should have informed Petitioner that he had assisted the CI on a former occasion by asking the court to move a court date for her while he was not her attorney. *Id.* at 19.

Petitioner raised this claim in his Rule 3.850 motion, and the post-conviction court rejected the claim on the ground that Petitioner could not demonstrate prejudice from counsel's failure to inform Petitioner or the court of his prior limited contact with the CI:

> The question here is whether, even if the Defendant's attorney had filed the motion, it would have been granted.   The Court finds that such a motion would not have been granted on that ground alone.   *See Rodriquez v. State*, 684 So. 2d 833 (Fla. 3d DCA 1996) (the fact that defense counsel was a former assistant state attorney and that he had made a brief appearance against defendant at a previous and totally unrelated hearing was [not] prejudicial and did not raise a conflict where attorney's involvement in previous case was non-substantial).   Defendant's counsel cannot be found ineffective for failing to file a motion with no merit.

(Ex. 16 at 12).   Petitioner asserts that the post-conviction court's denial of this claim was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (Doc. 2 at 16).   Specifically, Petitioner argues that counsel's "*ex gratia* representation of the State's key witness against the Petitioner demonstrate[s] an actual conflict of interest." *Id.*   Petitioner then argues that counsel's numerous shortcomings were the result of counsel's prior association with the CI. *Id.*

The United States Supreme Court has been clear that "the mere possibility" of a conflict of interest does not warrant a conclusion that a defendant was deprived of his right to counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980).   Rather, Petitioner must demonstrate that an "actual" conflict of interest adversely affected his lawyer's

performance. *Id.* at 349.   The Eleventh Circuit Court of Appeals in *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir.1987), set forth the following analysis:

> We will not find an actual conflict [of interest] unless appellants can point to specific instances in the record to suggest an actual conflict or impairment of their interests. . . . Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.   If he did not make such a choice, the conflict remained hypothetical.

(citations omitted); see also *Cuyler*, 446 U.S. at 348 (holding that the petitioner must point to specific instances in the record that "show that an actual conflict of interest adversely affected his lawyer's performance.").

Petitioner insists that counsel's failure to "impeach [the CI] in regard to a disclosure of the full term(s) of the agreement with the State[] in exchange for her testimony against the Petitioner" demonstrates an actual conflict (Doc. 1 at 20).   A review of the record demonstrates that counsel did impeach the CI by asking numerous questions about her criminal history and any possible motive for testifying. *See* discussion *supra* Claim Two. Moreover, as noted in this Court's discussion of Claims One, Two, and Three, Petitioner has presented no evidence, other than his conclusory and unsupported allegations, of any agreement between the State and the CI at the time of Petitioner's trial. In fact, the CI testified on redirect that she had <u>no</u> agreement with the State. *See* discussion *supra*, Claim Three. Petitioner has not demonstrated that counsel's limited contact with the CI on an unrelated matter resulted in an actual conflict.   A "speculative or merely hypothetical" conflict is insufficient to show inconsistent interests. *Reynolds v. Chapman*, 253 F.3d 1337, 1342-43 (11th Cir. 2001).

The post-conviction court's determination that Petitioner had not demonstrated an actual conflict of interest was neither contrary to clearly established federal law nor based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Claim Four is denied pursuant to 28 U.S.C. § 2254(d).

### e.    Claim Five

Petitioner asserts that defense counsel was ineffective for failing to move for dismissal of the remaining charges after he was tried on two of the eight counts listed in the information (Doc. 1 at 23).   Specifically, Petitioner argues that, after his trial on counts three and four of the information, counsel misadvised him that his only alternative for disposal of the remaining counts was to endure another trial or accept a plea (Doc. 2 at 19).   As a result, Petitioner pleaded no contest to Counts I and II, and the State *nolle prossed* Counts V, VI, VII, and VIII.   Petitioner argues that he had a right to dismissal of the remaining counts in his information because no order of severance was ever issued by the trial court. *Id.* at 19-20.

Petitioner raised this claim in is Rule 3.850 motion, and the post-conviction court denied the claim as refuted by the record because "[b]y stipulation of the parties, the Court indeed severed the counts, as noted by [Petitioner's] own attorney in his Motion in Limine #1, and by the Court and the Defendant's attorney during the argument on that motion and during argument of the Defendant's subsequent Motion to Withdraw Plea." (Ex. 16 at 4-5).   Petitioner asserts that the post-conviction court's conclusion was based upon an unreasonable determinations of the facts in light of the evidence presented at the state court proceedings (Doc. 2 at 19).   However, a review of the record supports the state court's adjudication of this claim.

The charging information filed by the State charged Petitioner with eight separate counts (Ex. 1).   Defense counsel filed a motion for severance of unrelated offenses on June 29, 2004 (Ex. 2).   The State filed a response to the motion in which they agreed that the counts should be severed pursuant to *Dupree v. State*, 705 So. 2d 90 (Fla. 4th DCA 1998) (Ex. 16 at Att. 8).   Subsequently, in a motion in limine filed on April 5, 2005, defense counsel identified the counts in the information as severed (Ex. 16 at Att. 9). Petitioner proceeded to trial on only counts III and IV of the information (Ex. 6).   At Petitioner's motion to withdraw his plea on counts I and II of the information, it was explained to Petitioner that there were several counts in his information and that the counts had been severed for trial (Ex. 16 at Att. 10).

Petitioner does not explain why, in light of clear record evidence indicating otherwise, he believes the post-conviction court unreasonably determined that the counts in his information had been severed.   However, Petitioner's arguments appear to be based upon his belief that a signed, written order on the motion to sever was not properly filed with the Clerk of the Court (Doc. 2 at 18).   To the extent Petitioner argues that the state courts unreasonably applied, or misinterpreted, Florida procedural law when it ruled on this claim, such an argument is not cognizable in federal habeas proceedings.   *See Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988) (a habeas petition grounded on issues of state law provides no basis for habeas relief).   Even had counsel raised this issue, the record is clear that the trial court determined that Petitioner's counts had been severed, and this determination was upheld on appeal.   Accordingly, in order to grant relief on this claim, this Court would have to conclude that the post-conviction court and the Second District Court of Appeal misinterpreted Florida law when it determined that the parties could, and did, stipulate to a severance of Petitioner's counts.   It is not the province of

this Court to second guess state courts on issues of state law. *Herring v. Secretary, Dept. of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . . It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.") (citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) (internal quotations omitted)). Trial counsel was not ineffective for not seeking to dismiss the remaining counts in the information on the basis that the counts had not been severed; the trial court would have rejected any attempt to do so. *See Rasheed v. Smith*, 221 F. App'x 832, 836 (11th Cir. 2007) (failure to file a motion which would be futile is not deficient performance of counsel under *Strickland*).

The state court's adjudication of this claim did not result in an unreasonable application of federal law and was not based upon an unreasonable determination of the facts presented in the state court proceeding. Petitioner is not entitled to federal habeas relief on Claim Five. 28 U.S.C. § 2254(d).

> **f.    Claim Six**

Petitioner asserts that the cumulative effects of his trial counsel's ineffective assistance justify vacating his conviction and sentence (Doc. 1 at 25).   In *Morris v. Sec'y, Dept. of Corr.*, 677 F.3d 117, 1132 (11th Cir. 2012), the Eleventh Circuit recognized that "[t]he cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *Id.* at 1132 (quoting *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005)).   The court noted, however, that a

cumulative error claim must fail when none of the petitioner's individual claims of error have merit. *Id.*

This Court has addressed each of Petitioner's claims and found no individual errors.   Accordingly, no cumulative errors can exist, and Claim Six is denied. *See Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) (Petitioner could not obtain habeas relief through aggregation of individual meritless claims he had averred; twenty times zero is zero); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors.").

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   Certificate of Appealability

Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability ("COA").   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller–El, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled

to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Gregory Bolden is **DENIED**

and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to terminate any pending motions, enter

judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 3/17/14
Copies: Gregory Bolden
Counsel of Record